

RECEIVED
IN LAKE CHARLES, LA
JAN 26 2015
TONY R. MOORE, CLERK
BY_____ PAR
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STEPHON FOSTER AND CHRISTINE FOSTER, | * * * | CIVIL ACTION NO. 2:13-cv-2813 |
| Plaintiffs, | * * | |
| v. | * * | JUDGE PATRICIA MINALDI |
| SASOL NORTH AMERICA, INC., ET AL., | * * * * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court are two Motions that shall be ruled on simultaneously due to the interconnectivity of the issues therein. The Motions before the court are S&B Engineers and Constructors, Ltd.'s ("S&B") Motion for Summary Judgment [Doc. 18], to which Sasol North America, Inc. ("Sasol"), Sasol (USA) Corporation ("Sasol USA"), Sasol Energy (USA) LLC ("Sasol Energy"), and Sasol Chemicals (USA), LLC ("Sasol Chemical") (collectively "Sasol Defendants") filed a Response [Doc. 22] and the Sasol Defendants' Motion for Summary Judgment [Doc. 20], to which S&B has filed a Response [Doc. 23]. All movers are defendants herein. The plaintiffs stipulated that they would not be opposing either motion.[1] For the following reasons, S&B's Motion [Doc. 18] is **GRANTED**, and Sasol Defendants' Motion [Doc. 20] is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

Sasol entered a General Services Contract ("Contract") with Cajun Constructors, Inc. ("Cajun") on or around February 15, 2012, to provide services at Sasol's Lake Charles Chemical

---

[1] *See* Letter to the Court [Doc. 24].

Complex facilities in Westlake, Louisiana.[2] The Contract provided that Cajun was to provide labor, supervision, equipment, machinery, material, tools, and supplies necessary to perform work and/or services as directed by Sasol.[3] The Contract also contained a statutory employer provision whereby the parties agreed that a statutory employer relationship would exist between Sasol and Cajun with respect to Cajun's employees.[4] Finally, the statutory employer provision stated that the work to be performed by Cajun was an integral part of Sasol's ability to generate its goods, products, or services.[5]

On September 25, 2012, Stephon Foster ("Foster") was employed by Cajun at the Sasol plant in Westlake, Louisiana.[6] Foster was given instructions to repair a pump in a confined space.[7] After descending a ladder into the confined space, Foster fell after reaching for the pump and injured himself.[8] Typically, a second Cajun employee would be present during the entry into a confined space to hold the ladder.[9] S&B did not instruct Foster to perform the subject task, did not sign-off on the permit issued to enter the confined space, and had no contractual oversight.[10]

Foster filed suit against Sasol, Sasol USA, Sasol Energy, Sasol Chemical, and S&B in the Fourteenth Judicial District Court for the State of Louisiana on August 23, 2013, alleging that their negligence caused his injury.[11] S&B removed the complaint to this court on October 4,

---

[2] Sasol Defs.' Mem. in Supp. of its Mot. for Summ. J. [Doc. 20-1], at 1-2.
[3] *Id.* at 2.
[4] *Id.*
[5] *Id.*
[6] S&B's Mem. in Supp. of its Mot. for Summ. J. [Doc. 18-1], at 1.
[7] *Id.* at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *See* Pet. for Damages [Doc. 1-2].

2

2013, under 28 U.S.C. §§ 1332 and 1441.[12] S&B then filed its Motion [Doc. 18] on November 3, 2014.[13] Sasol Defendants filed their Motion [Doc. 20] on November 13, 2014.[14]

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is said to be "genuine" only where "a reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In evaluating a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is mandated by Rule 56(a) "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 1994)).

In determining whether to grant a motion for summary judgment, the motion "cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985)). However, when faced with an absence of proof, there is no assumption made that the nonmoving party could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Moreover, the

---

[12] Not. of Removal [Doc. 1-1], at 5.
[13] Mot. for Summ. J. [Doc. 18].
[14] Mot. for Summ. J. [Doc. 20].

Local Rules for the Western District of Louisiana provide that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule." Unif. Loc. R. La. LR 56.2.

### I. S&B's Motion for Summary Judgment

In its Motion, S&B argues that it owed no duty to Foster and that a claim for negligence cannot exist without the breach of a corresponding duty.[15] The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. *Meany v. Meany*, 639 So.2d 229, 244 (La. 1994). Duty is a question of law. *Graham v. Amoco Oil Co.*, 21 F.3d 643, 647 (5th Cir. 1994) (citing *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So.2d 1364, 1371 (La. 1984)). A court may rely on the contract terms between the parties to determine the existence and scope of duties owed. *Dupre v. Chevron, U.S.A., Inc.*, 913 F.Supp. 473, 480 (E.D. La. 1996), *aff'd*, 109 F.3d 230 (5th Cir. 1997) (citing *Graham*, 21 F.3d at 647).

In *Graham*, a person employed by the contractor was injured on a drilling platform while unloading pipe delivered by the owner. *Graham*, 21 F.3d at 645. The contract between the owner and the contractor provided that the contractor would be "*solely responsible for . . . such operations . . . as may be necessary or desirable for the safety of said rig.*" *Id.* at 646 (emphasis in original). The Fifth Circuit found that because of the language of the contract, the owner had no duty with respect to the working conditions of the contractor's employees while those employees were performing activities delegated by contract. *Id.* at 646-47.

The Contract between Sasol and Cajun expressly assigns the exclusive and sole responsibility to Cajun to ensure that Cajun's employees complied with Sasol's confined space safety rules.[16] Specifically, the contract states "[T]he CONTRACTOR shall at all times: [e]nsure

---

[15] S&B's Mem. in Supp. to its Mot. for Summ. J. [Doc. 18-1], at 3.
[16] Ex. C, Cajun and Sasol General Service Contract [Doc. 18-6].

that CONTRACTOR, its employees . . . comply with all applicable federal, state, and local health or safety laws and regulations . . . ."[17] It also includes a provision that it is the contractor's responsibility to follow the safety rules set by the owner, including rules on confined space entry.[18] Furthermore, a confined space entry requires an Entry Supervisor, defined as a "Sasol NA representative."[19] S&B was not contractually designated as an Entry Supervisor and had no oversight over confined space entry.[20]

Because S&B had neither the duty nor the obligation to provide supervisory oversight or ensure safety, there is no genuine dispute as to any material fact impeding summary judgment in favor of S&B on this issue.

## II. Sasol Defendants' Motion for Summary Judgment

The Sasol Defendants give two reasons for granting summary judgment in their favor: (1) Sasol is the statutory employer of Foster and therefore immune from tort liability; and (2) there can be no liability as to the remaining Sasol Defendants because those entities did not exist at the time of Foster's injury.[21]

### A. Statutory Immunity

The Louisiana Worker's Compensation Act, La. R.S. § 23:1021, *et seq.*, provides that an employee's exclusive remedy against his employer for injuries arising out of and in the course of employment is compensation benefits. *See* La. R.S. § 23:1032. The Louisiana Worker's Compensation Act also applies to statutory employer/employee relationships. *Id.* § 23:1061A(1). Specifically, there is a rebuttable presumption of a statutory employer relationship when the contract between principal and contractor recognizes a statutory relationship, and this

---

[17] *Id.* at 18.
[18] *Id.* at 19.
[19] Ex. D Sasol Safety Policy PDF 51 [Doc. 18-7] & Ex. E Sasol Safety Policy PDF 43 [Doc. 18-8].
[20] *See* Ex. G S&B Contract [Doc. 10].
[21] Sasol Defs.' Mot. for Summ. J. [Doc. 20], at 1.

presumption "may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products or services." *Id.* 23:1061A(3).

The Contract between Sasol and Cajun explicitly recognizes that a statutory employer relationship exists between Sasol and Cajun as to Cajun's direct and statutory employees.[22] Sasol is therefore entitled to the presumption that it was the statutory employer of Foster at the time of the accident. Additionally, Paul Hippman, Vice President of US Chemicals Operations at Sasol's Lake Charles Chemical Complex, attested that Sasol is an industrial producer and refiner of a wide variety of commodity and specialty chemicals, and sumps—including the storm sump where the accident at issue occurred—are an essential and integral part of Sasol's ability to collect, separate, and treat storm and waste water in accordance with Federal and State law.[23] Finally, the plaintiffs have produced no evidence that the work performed by Cajun under its contract with Sasol was not an essential and integral part of Sasol's ability to produce its goods, products, and services. Therefore, there is no genuine dispute as to a material fact over whether Sasol is statutorily immune from the negligence claims brought by the plaintiffs.

B. **Existence of Remaining Sasol Defendants**

Sasol USA, Sasol Energy, and Sasol Chemicals were also named as defendants in Foster's complaint. According to each entity's certificate of incorporation, not one of these entities was incorporated until several months after Foster's accident.[24] There have been neither allegations nor evidence produced indicating how the nonexistent entities could be liable for

---

[22] Ex. A-1 General Services Contract [Doc. 20-4], at 5-6.
[23] Ex. A Aff. of Paul Hippman [Doc. 20-3].
[24] Ex. C Sasol (USA) Corporation's February 15, 2013 Certificate of Incorporation [Doc. 20-6]; Ex. D Sasol Energy (USA) LLC's February 19, 2013 Certificate of Formation [Doc. 20-7]; and Ex. E Sasol Chemicals (USA) LLC's February 19, 2013 Certificate of Formation [Doc. 20-8].

Foster's accident. There is therefore no genuine dispute as to any material fact impeding summary judgment in favor of the remaining Sasol Defendants.

Lake Charles, Louisiana, this 15th day of January, 2015.

*[signature]*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

7